UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ALBERT ROBINSON, #602273,  )<br>Petitioner,  )<br>  )<br>-v-  )<br>  )<br>CANDACE NEWTON, et al.,  )<br>Respondents.  )<br>_____  ) | No. 2:18-cv-156<br><br>HONORABLE PAUL L. MALONEY |

## ORDER

This is a civil rights action brought by state prisoner Albert Robinson pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Robinson's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Maarten Vermaat (R&R ECF No. 42; Objections ECF No. 46). Defendants have responded to Robinson's objection (ECF No. 47). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the

district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Robinson's objection consists of 13 numbered paragraphs, raising 12 objections. Most of these objections are conclusive statements, simply stating "I object" to large portions of the R&R (ECF No. 46 at ¶¶ 2, 3, 4, 7, 8, 9, and 13). Other paragraphs are disagreements with how Magistrate Judge Vermaat characterizes Robinson's claims (ECF No. 46 at ¶¶ 5, 6, and 12). These objections need not be reviewed. *See Mira*, 806 F.2d at 637. Only two paragraphs raise reasonably specific objections to the R&R: paragraphs 10 and 11.

Paragraph 10 contests the R&R's conclusion that grievance URF-1803-0804-28c was not properly exhausted (*see* R&R, ECF No. 42 at n. 6). On the Court's de novo review of the record, the R&R's conclusion is correct. This grievance (ECF No. 30-3 at PageID.213) raises at least seven different issues. It was rejected at Step I for containing multiple unrelated issues, and the rejection notice advises that Robinson could have resubmitted the issues, one grievance per issue (*Id.* at PageID.214). Robinson did not do that, instead appealing all of the issues together (*Id.* at PageID.215). This grievance was rejected for failing to satisfy policy,

2

so the grievance was not properly exhausted. *See Scott v. Amani*, 577 F.3d 642, 647 (6th Cir. 2009) ("a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance."). There is no error in the R&R, and this objection will be overruled.

Paragraph 11 objects to the R&R's conclusion that Robinson failed to raise the issue of retaliation during his misconduct hearing. However, Robinson does not point to any record evidence to support this argument. The Court has reviewed Robinson's response to the motion for summary judgment as well as the attachments thereto (ECF No. 36) and finds no evidence that Robinson raised the issue of retaliation at this misconduct hearing. There is no error in the R&R, and this objection will be overruled. Accordingly,

**IT IS ORDERED** that the March 9, 2020 R&R (ECF No. 42) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's objection (ECF No. 46) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 29) is **GRANTED** in part and **DENIED** in part as outlined in the R&R.

**IT IS FURTHER ORDERED** that Petitioner's motions to compel discovery (ECF Nos. 38, 40) are **DENIED.**

**IT IS SO ORDERED.**

**Date:** September 21, 2020         /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge