UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ALBERT REGINALD ROBINSON #602273, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>R. DESROCHERS, *et al.*, )<br>Defendants. )<br>) | No. 2:18-cv-156<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on February 15, 2022 (ECF No. 69). The R&R recommends that this Court grant Defendants' motion for summary judgment as to the equal protection claim against CO Olmstead, and deny the motion as to the retaliation claim against CO Benson. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff filed several objections to the R&R (ECF No. 70), and Defendants filed a response to Plaintiff's objections (ECF No. 71). Defendants did not file any objections to the R&R. Because Plaintiff has failed to raise a genuine dispute of material fact regarding his claim against CO Olmstead, and there remains a question of fact regarding the claim against CO Benson, the Court will overrule Plaintiff's objections and adopt the R&R.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff filed five objections, and this Court conducted a de novo review. All five of Plaintiff's objections concern the R&R's recommendation to grant Defendants' motion for summary judgment on the equal protection claim against CO Olmstead. On review of the evidence, the R&R is adopted over Plaintiff's objections.

Plaintiff's first objection appears to concern the factual record. While the R&R found that Plaintiff's second Class II misconduct ticket was issued by CO Benson (*see* ECF No. 69 at PageID.622-23), Plaintiff claims it was instead issued by CO Olmstead "in retaliation for [his] grievances and complaints" (*see* ECF No. 70 at PageID.635). First, this objection is overruled because Plaintiff's retaliation claim against CO Olmstead has already been dismissed (*see* ECF Nos. 42, 48). Second, Plaintiff has failed to argue why the identification of which Corrections Officer wrote the misconduct ticket raises a genuine issue of material fact regarding Plaintiff's equal protection claim against CO Olmstead. This mere identification of a factual discrepancy does not constitute a specific objection within the meaning of Fed. R. Civ. P. 72. *See Brown*, 2017 WL 4712064, at *1 (citing *Benge v.*

2

*Johnson*, 474 F.3d 236, 245 (6th Cir. 2007)) ([W]hen an appellant alludes to issues in a perfunctory manner, without argument or development, [courts] consider those issues abandoned and waived."). Plaintiff's first objection is overruled.

Plaintiff's next objection also concerns a factual finding. Footnote 4 of the R&R explains how the exact temperature of the day in question is uncertain (*see* ECF No. 69 at PageID.624, n.4). Plaintiff argues that the temperature on March 3, 2018, when CO Olmstead opened the door to allow some fresh air into the unit, was 32°F, which contradicts Defendants' assertion that it was "a mild sunny day for early March" (ECF No. 63-2 at PageID.525). Further, CO Olmstead has also asserted that the temperature on that day was 35°F (*see* ECF No.63 at PageID.512). Given this mere three-degree difference, the R&R concluded that "[t]he parties almost agree as to the outside temperature on March 3, 2018" (ECF No. 69 at PageID.624). Although Plaintiff objects to this factual finding, he has again failed to establish how raising this discrepancy in the temperature creates a genuine issue of *material* fact. The R&R recommends granting summary judgment for CO Olmstead on the equal protection claim because Plaintiff failed to present evidence showing that he was treated differently, or subjected to discriminatory adverse treatment, because of his race (*Id.* at PageID.625). Rather, every prisoner in the unit, regardless of their race, was subject to the allegedly cold temperatures from the open door. Whether the temperature was 32°F, as Plaintiff asserts, or 35°F, as Defendants assert, Plaintiff has still failed to show that he was subject to discriminatory treatment because of his race. Thus, this objection is also overruled.

Third, Plaintiff objects to the R&R's finding that all prisoners in the unit were subjected to the same conditions regardless of whether the door was open or closed. He

3

argues that the inmates in the cubicles closest to the door would be subject to colder temperatures than inmates farther away from the door. This objection is overruled because, even if Plaintiff is correct that inmates were subject to differing temperature conditions based on their location in the unit, Plaintiff fails to assert that he himself was closer to the door. Instead, he explains that the inmates housed in the fifth cubicle would face colder temperatures (*see* ECF No. 70 at PageID.636). This assertion does nothing to advance Plaintiff's claim that he was subjected to discriminatory treatment, while white individuals were not. This objection also fails to create a genuine dispute of material fact with regard to Plaintiff's equal protection claim, and it is also overruled.

Plaintiff's fourth objection argues that he has established that he was treated differently because of his race. Plaintiff asserts that because CO Olmstead "threatened" Plaintiff with "discriminatory adverse treatment"—that is, threatening to move Plaintiff to a new unit and issuing him a misconduct ticket—for complaining about the door being open, but CO Olmstead did not threaten a white prisoner, who also complained about the open door, with the same adverse treatment, Plaintiff has raised a factual dispute that would allow his equal protection claim to survive Defendants' motion for summary judgment (*see* ECF No. 70 at PageID.637). However, this factual dispute is not relevant to Plaintiff's equal protection claim. Plaintiff's equal protection claim is that "CO Olmstead refused to close an open door that was letting cold air into the unit because [Plaintiff] is African American, and a white prisoner had asked her to open the door to allow fresh air into the unit" (*see* ECF No. 69 at PageID.623). The question then, is whether CO Olmstead violated the Equal Protection Clause by subjecting Plaintiff, an African American man, to the cold temperatures

4

caused by the open door, while white prisoners were not subject to the same adverse, discriminatory treatment. The "discriminatory" treatment that Plaintiff discusses in this objection—moving him to a new unit and issuing him a misconduct ticket—have nothing to do with Plaintiff's equal protection claim. Moreover, Plaintiff undermines his equal protection claim by asserting that a white inmate also complained about the open door. The Court will also overrule this objection.

Finally, Plaintiff objects to the R&R because "it gives no explanation as to any other reason why Plaintiff Robinson was threatened by Olmstead, written false misconducts by both Olmstead and Benson, then moved by Olmstead or at her advisement" (ECF No. 70 at PageID.638). This objection is overruled because it is not the Magistrate Judge's job to present evidence—it is Plaintiff's.

Given that there are no errors in the Magistrate Judge's analysis, the Court will grant in part and deny in part Defendants' motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 69) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 62) is **GRANTED** as to the equal protection claim against CO Olmstead and is **DENIED** as to the retaliation claim against CO Benson.

IT IS SO ORDERED.

Date: March 23, 2022 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

5